Taxi Medallion Loan Trust III v Brown Eyes Cab Corp. (2022 NY Slip Op 03879)

Taxi Medallion Loan Trust III v Brown Eyes Cab Corp.

2022 NY Slip Op 03879

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 652163/21 Appeal No. 16125-16125A Case No. 2021-04240, 2022-00624 

[*1]Taxi Medallion Loan Trust III etc., et al., Plaintiffs-Appellants,
v
Brown Eyes Cab Corp., et al., Defendants-Respondents, Boris Volfman etc., et al., Defendants. 

Vedder Price P.C., New York (Daniel C. Green of counsel), for appellants.
Fox Rothschild LLP, New York (Brett A. Berman of counsel), for respondents.

Order, Supreme Court, New York County (Barry Ostrager, J.), entered September 17, 2021, which, insofar as appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss plaintiffs' claims as against Brown Eyes Cab Corp., Green Eyes Cab Corp., Blue Eyes Cab Corp., Lucky Seven Chicago One Inc., Chicago Seven Inc. Symon Garber, Roman Sapino, Galina Garber-Sheinin, Ruben Giacomozzi, Symon Garber as Trustee of the Garber Dynasty Trust and the Lina Garber Trust, Roman Sapino as Trustee of the Roman Sapino 2015 Qualified Personal Residence Trust, Gemora in Chicago LLC, 2 Bluebell Road, LLC, 2635 S. Wabash Ave Realty LLC, 2630-2632 S. Dearborn Ave. Realty L.L.C. (collectively, the out-of-state defendants) for lack of personal jurisdiction, unanimously reversed, on the law, with costs, and the claims as against the out-of-state defendants reinstated. Order, same court and Justice, entered January 11, 2022, which, insofar as appealed from as limited by the briefs, granted reargument, and upon reargument, confirmed that the court's September 17 order had dismissed the fraudulent conveyance claims as against defendants-respondents Lina Garber, 3210 101 Warren Street LLC, and 22-05 43rd Realty because of the absence of a necessary party, and that the order had dismissed the claims for alter ego liability as against defendants-respondents Irene Gans as Trustee of the Edward Zubok Qualified Personal Residence Trust, 3210 101 Warren, and 22-05 43rd Realty for failure to state a claim, unanimously reversed, on the law, with costs, and the fraudulent conveyance and alter ego claims reinstated as against Lina Garber, Irene Gans as Trustee of the Edward Zubok Qualified Personal Residence Trust, 3210 101 Warren Street LLC, and 22-05 43rd Realty.
Plaintiffs made a showing that the out-of-state defendants were transacting business within the state, as is necessary to establish personal jurisdiction under CPLR 302(a)(1). The relevant settlement agreements signed by the borrowers and by the guarantors of the loans explicitly state that they were negotiated, executed, and delivered in New York (see George Reiner & Co., Inc. v Schwartz, 41 NY2d 648, 652 [1977]; Kleinfeld v Rand, 143 AD3d 524, 524 [1st Dept 2016]; Wilson v Dantas, 128 AD3d 176, 182-183 [1st Dept 2015], affd 29 NY3d 1051 [2017]). Furthermore, since we are reinstating the claims as against the out-of-state defendants, the otherwise well-pleaded fraudulent conveyance claims asserted against Lina Garber, 3210 101 Warren, and 22-05 Realty, which were dismissed because of the jurisdictional dismissal of the claims against necessary party Symon Garber, are reinstated.
The claims against the out-of-state defendants cannot, at this stage, be dismissed for lack of personal jurisdiction or failure to state a claim. Jurisdiction over those defendants depends upon whether plaintiffs can show that the transferee entities had an alter ego relationship with the guarantors (see Southern New England [*2]Telephone Co. v Global NAPs, Inc., 624 F3d 123, 138 [2d Cir 2010]). Further, all of the alter ego and fraudulent transfer allegations are sufficient to at least warrant discovery on the relationships among the parties and whether the transfers to transferee entities were proper (see Starr Russia Invs. III B.V. v Deloitte Touche Tohumatsu Ltd., 169 AD3d 421, 422 [1st Dept 2019]). Nor are the alter ego claims here properly dismissed as duplicative of the fraudulent conveyance claims, since a declaration of alter ego status would provide the basis for personal jurisdiction allowing plaintiffs to hold the transferee entities responsible for the contractual debts owed by the guarantors, whereas the fraudulent conveyance claims seek to set aside the conveyances. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022